In the Matter of the REINSTATEMENT OF William R. THOMPSON To Membership In the Oklahoma Bar Association and To the Roll of Attorneys.

SCBD No. 3868.

Supreme Court of Oklahoma.

Nov. 23, 1993.

---

William R. Thompson, pro se.

Dan Murdock, Oklahoma Bar Ass'n, Oklahoma City, for Bar.

SUMMERS, Justice.

William R. Thompson asks that he be reinstated to the active practice of law in accordance with 5 O.S.1991 Ch. 1, App. 1–A, Rule 11. Petitioner Thompson resigned pending disciplinary proceedings in 1983. A hearing was held by the Oklahoma Bar Association on the reinstatement application. The Professional Responsibility Tribunal recommends that reinstatement be denied. Petitioner has filed a brief in opposition to the recommendation of denial. The matter is before us for *de novo* review.

Thompson was admitted to practice in 1975. He practiced law until late 1983, when he resigned pending disciplinary proceedings. This Court approved the resignation, and his name was stricken from the roll of attorneys in 1984. He has not practiced law since his resignation. This is the first time he has filed for reinstatement.

The grievances that led up to his resignation are numerous. Thirty-six grievances were filed by many different clients involving neglect of client matters, fraud, and misrepresentation. One count required reimbursement of the client from the Oklahoma Bar Association Client Security Fund. Petitioner has since repaid the Fund.

Six of petitioner's former clients testified at the hearing before the Professional Responsibility Tribunal. All stated that he had neglected their cases and had failed to return their files. Most had paid petitioner a retainer fee for which they had not been reimbursed. Several testified that their cases had been prejudiced because of the untimely handling or because of the failure to return crucial documents needed to pursue the case. Several attempted to obtain the services of another attorney, only to

find out that because of the missing documents, no case could be filed.

During the time when these cases were being neglected petitioner was having a severe problem with alcohol. He testified that he entered a treatment center shortly before his resignation. He also testified that he no longer drinks, and has been dry since leaving the treatment center.

After resigning petitioner sent his cases, along with the files, to two other attorneys. These attorneys were to contact the clients and return the files. The attorneys filed affidavits stating that attempts were made to contact all clients and return the files. However, some clients were never reached because their addresses had changed. Petitioner did not keep in touch with the attorneys to follow the progress, nor did he make any attempt to find those clients.

The evidence indicates that petitioner did not attempt to reach any of the clients until he was preparing to file this petition for reinstatement. His first contact was made by letter in 1990, more than six years after his resignation. Many of the clients' addresses were not current, and the letters were returned. Petitioner testified that he then attempted to locate the clients through the telephone book. He located a few, wrote them a letter and explained that his prior conduct was due to alcoholism. He apologized for his conduct and told them he was attempting to be reinstated. He introduced three letters from his former clients which stated that amends had been made.

During the time between his resignation and his application for reinstatement, petitioner had worked at various jobs. He was a construction manager, a partner in a construction business, and a commercial realtor. The construction business in which he was a partner failed, and he has currently about $75,000 in personal judgments against him.

Thompson called as witnesses several people which he had known and done business with in the past. These individuals testified that he no longer drank, and that he had been ethical and professional in his business dealings with them. However, when asked most of them did not know that he had resigned from the Oklahoma Bar pending disciplinary proceedings. None of them knew about the reasons behind his resignation.

There was, at the time of the hearing, an outstanding bench warrant for Thompson's failure to pay child support. He stated that he and his ex-wife had resolved the matter, and that he was paying on a regular basis. The ex-wife signed an affidavit to this effect. However, the amount of child support owing is $15,900.

Thompson had applied for admission to the New Mexico and California Bar Associations. He took the California bar examination and did not pass. He was not permitted to take the New Mexico bar examination because of his prior disciplinary problems in this state. On both applications, he disclosed that he had resigned from the Oklahoma Bar Association pursuant to disciplinary proceedings.

Thompson has not taken continuing legal education courses in Oklahoma. He did complete the bar review courses for California and New Mexico. He has not kept current with the Oklahoma Bar Journal. He has, however, taken some other legal education courses, and states that he has done several hours of self study.

Lastly, Thompson testified that he had no specific plans to practice law if reinstated to the bar. He stated that he was not sure what he would do, but that he wanted to be reinstated so he would have the choice of practicing law.

In its findings of fact and conclusions of law, the Professional Responsibility Tribunal recounts the history of the grievances filed against Thompson and the current status of these grievances. The PRT also notes that petitioner has not kept current by taking continuing legal education courses provided by the Oklahoma Bar. The PRT states that one of its central concerns regarding Thompson's reinstatement is the past tendency to procrastinate, lack of attention to detail and disorganization. The PRT found these tendencies still

existed and cited as examples Thompson's failure to contact the clients until he sought admission to the New Mexico Bar.

The PRT concluded that petitioner had not met his burden of showing by clear and convincing evidence that he had kept informed as to current developments in the law sufficient to maintain his competency. The PRT specifically stated that petitioner had not complied with Rule 9.1, which requires notice to the attorney's client's regarding his resignation. *See* 5 O.S.1991, Ch. 1, App. 1–A, Rule 9.1.[1] The PRT also found that he had not presented clear and convincing evidence that if re-admitted, his conduct would conform to the high standards required by the Oklahoma Bar Association. The PRT's recommendation is that reinstatement be denied, but that if it is granted, that petitioner be required to take and pass the Oklahoma bar examination.

Rule 11.5 requires the Professional Responsibility Tribunal to make findings as to (1) whether the good moral character of the petitioner is such that he or she should be re-admitted, (2) whether the petitioner has engaged in any unauthorized practice of law and (3) whether the petitioner possesses the competency and learning in the law required for admission to the Bar. *Matter of Reinstatement of Floyd*, 775 P.2d 815, 816 (Okla.1989). However, in reinstatement proceedings, "the Supreme Court does not function as a reviewing tribunal but as a licensing court exercising its exclusive original jurisdiction." *Id.* citing *State ex rel. Oklahoma Bar Ass'n v. Raskin*, 642 P.2d 262 (Okla.1982); *see also State ex rel. Oklahoma Bar Ass'n v. Miskovsky*, 824 P.2d 1090, 1093 (Okla.1991).

The heavy burden of showing that reinstatement is warranted rests on the petitioner, as is stated in Rule 11.4:

11.4. Standard of proof for petitions for reinstatement

An applicant for reinstatement must establish affirmatively that, if readmitted ... the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. *The burden of proof, by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant....* (Emphasis Added)

*See also Matter of Reinstatement of Kamins*, 752 P.2d 1125, 1129 (Okla.1988); *State ex rel. Oklahoma Bar Ass'n v. Samara*, 683 P.2d 979, 983 (Okla.1984).

We held in *Kamins*, 752 P.2d at 1130, that the petitioner must also show by clear and convincing evidence, each of the following factors: (1) the present moral fitness of the petitioner, (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession, (3) the extent of petitioner's rehabilitation, (4) seriousness of the original misconduct, (5) conduct subsequent to discipline, (6) the time which has elapsed since the original discipline, (7) the petitioner's character, maturity and experience at the time of disbarment, and (8) the petitioner's present competence in legal skills. *See also Matter of Reinstatement of Moss*, 848

---

**1.** Rule 9.1 reads as follows:

When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred,

suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

P.2d 564, 565 (Okla.1993); *Floyd,* 775 P.2d at 816.

As for the requirements in Rule 9.1, we agree with the PRT that petitioner did not give notice to all of his clients when he resigned from the practice of law. This failure prejudiced the cases of at least one client. Although petitioner turned this matter over to two other attorneys, it remained his responsibility to see that the task of notification and returning files was completed. It was not completed.

The *Kamins* factors also indicate that reinstatement is not appropriate at this time. Petitioner has apparently dealt with his problem with alcohol. However, he did not attempt to make amends with the many clients who filed grievances until he realized that he would not be admitted to another state's bar with the problems unresolved in Oklahoma. Although he apologized to every former client who testified, his actions of failing to get in touch with them for six years placed the legal profession is a poor light. It is unclear how many of these former clients still have no knowledge of the circumstances surrounding their former attorney and who were never given their files. These thirty-six grievances not only showed a repeated failure to advance the clients' best interests, two of them alleged fraud and misrepresentation.

While petitioner has made an effort to remain informed in certain legal areas, he has not taken any Oklahoma legal educational courses. He has not kept current with the Oklahoma Bar Journal. He did not work in a law-related job during the period following his resignation.

It is this Court's duty to safeguard the interests of the public, the courts and the legal profession. *Kamins,* 752 P.2d at 1130. There must be a determination that reinstatement would not negatively or adversely affect the Bar. *Id,* at 1130. This duty becomes especially important when presented with a reinstatement petition. The attorney seeking reinstatement has in the past demonstrated a lack of fitness to practice law. In reviewing the petition for reinstatement, this Court must be mindful of the harm which could be caused to the public and the potential clients. *Matter of Reinstatement of Elias,* 759 P.2d 1021, 1022 (Okla.1988).

Considering all these factors, and the heavy burden placed on the petitioner, we agree that reinstatement should be denied. On application by the Oklahoma Bar Association, costs, totalling $1999.55 are assessed against William R. Thompson. The costs are to be paid within thirty (30) days of the date of the mandate of this opinion.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, KAUGER and WATT, JJ., concur.

ALMA WILSON, J., concurs in result.