**In the Matter of the REINSTATEMENT OF Lonnie E. HARDIN, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**No. SCBD 4093.**

Supreme Court of Oklahoma.

Oct. 8, 1996.

Loyal J. Roach, Tulsa, for Petitioner.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Respondent.

SIMMS, Justice:

Petitioner, Lonnie E. Hardin, resigned from the Oklahoma Bar Association in May, 1990 pending disciplinary proceedings. In July of that year, the Supreme Court entered an order approving the resignation and striking Hardin's name from the Roll of Attorneys. He now seeks reinstatement. The Professional Responsibility Tribunal has recommended against it.

At the time of his resignation, Respondent stood charged with professional misconduct in two cases. Case 1 involved four counts, two counts pertained to neglect of client matters in that he accepted retainers and failed to complete the legal matters, and two counts of failing to cooperate with General Counsel's office. Case 2 pertained to failure to refund monies to a client who was entitled thereto; failure to cooperate with General Counsel's office; and alleged perjury in a deposition given at the Bar Center. Also pending before the Bar was a complaint alleging Hardin, after receiving $590 from a client, had failed to file schedules in the bankruptcy proceedings, and as a result, the bankruptcy was not completed.

The Professional Responsibility Tribunal heard the testimony of five witnesses in support of Hardin's reinstatement. The Bar Association offered no evidence. The Tribunal found Hardin's problems prior to his resignation were the result of domestic problems and the virtual simultaneous fatal heart attacks of his mother and her husband; that Hardin was a "broken man".

The Tribunal found that Hardin has undergone a turn around in his life based upon his religion. Hardin now seems to be a well-adjusted person who is making a good living and contributing of his time and talents to his Church. Generally, he has become rehabilitated.

According to their report to this Court, two significant matters troubled the Tribunal, however, and caused them to recommend against reinstatement.

The first enumerated "aspect" of the case concerned Hardin's "present competence in legals skills." The record reveals that Petitioner had received only eighteen hours of Continuing Legal Education since his resignation, including Recent Developments in Oklahoma Law at the Bar Association Meeting, and this was only in the year preceding the application for reinstatement. Hardin also testified he has been regularly reading the bar journal only since September, 1994. The panel concluded that there was not clear and convincing evidence that Hardin now possesses the requisite competence in legal skills.

Of additional concern to the panel was Hardin's failure to file income tax returns for a five year period and the fact that he still owes both Federal and State income taxes. The Tribunal determined this also was grounds to deny reinstatement because it demonstrated lack of good moral character.

■ Rule 11.4, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, App. 1–A, places the burden of proof on the applicant to establish by clear and convincing evidence that applicant should be readmitted to the Bar. The heavy burden placed on one seeking reinstatement to show proof of reinstatement to practice law is the same whether applicant has been disbarred or has resigned from the Bar pending disciplinary proceedings. *Oklahoma Bar Ass'n v. Page*, 754 P.2d 878, 879 (Okl.1988).

In *Matter of Reinstatement of Kamins*, 752 P.2d 1125, 1129 (Okl.1988) we said:

"In reinstatement proceedings, as in other bar disciplinary matters, this Court does not sit in review of the trial panel's recommendations but instead sits in exercise of its exclusive original jurisdiction in matters involving the licensing of members of the Bar. Although entitled to great weight, the recommendations of the trial panel are advisory in nature. The ultimate decision regarding the reinstatement [of Kamins] rests with this Court."

■ *Kamins*, at page 1130, also established the criteria for reinstatement to the practice of law traditionally considered by the courts. The factors include, *inter alia*,

(1) present moral fitness of petitioner, and (2) petitioner's present competence in legal skills.

█ We have afforded petitioner a *de novo* review and conclude petitioners failure, from 1990 thru 1994, to file and pay Federal and State Income tax establishes unfitness to be readmitted to the practice of law. We similarly held in *In the Matter of Reinstatement of Clifton,* S.C.B.D. 3451, 59 O.B.J. 1632, No.25, June 14, 1988 that failure to pay taxes would prevent readmission. It is to be noted, however, that Clifton was subsequently reinstated after payment of delinquent taxes and upon proof of his fitness to practice law. *In the Matter of Clifton,* 787 P.2d 862 (Okla. 1990).

█ Petitioner has failed to prove by clear and convincing evidence the he now possesses the requisite legal skills to be reinstated. *Kamins,* supra. In this regard, the Professional Responsibility Tribunal recommended that before seeking readmission petitioner should take a Bar Review course and maintain at least the minimum of CLE credits for all forthcoming years. We believe this suggestion is well taken, as is their suggestion to pay back taxes or have in place a plan to pay them, make restitution to the two clients whose money he took, and provide in detail the outcome of the two malpractice cases which were a part of his bankruptcy.

Petitioner Hardin is directed to pay the costs of these proceedings in the sum of $1,083.73 within Ninety (90) Days from the date this opinion is promulgated.

Petitioner's request for Remand is DENIED.

APPLICATION FOR READMISSION TO PRACTICE LAW DENIED.

KAUGER, V.C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

ALMA WILSON, C.J., concurs in part, dissents in part.