1999 OK 72

In the Matter of the **REINSTATEMENT OF: David Michael TURNER, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

SCBD No. 4320.

Supreme Court of Oklahoma.

Sept. 14, 1999.

As Amended, Nov. 1, 1999.

---

Rob L. Pyron, Seminole, Oklahoma, for Petitioner.

Allen J. Welch, Oklahoma City, Oklahoma, for Respondent.

HODGES, J.

## I. HISTORY

¶1 Petitioner, David Michael Turner, was admitted to the Oklahoma Bar Association (OBA) in 1978. In 1983, he was suspended for failure to pay membership dues. He was reinstated from this suspension in 1986. Then in 1988, Petitioner was suspended for failure to comply with Mandatory Continuing Legal Education (MCLE) requirements. He was reinstated shortly thereafter upon compliance with the MCLE requirements.

¶2 Petitioner was suspended from the practice of law in July of 1993 for failure to pay his OBA dues and failure to comply with MCLE requirements. On July 19, 1994, this Court entered an order striking the Petitioner's name from the roll of attorneys. On January 8, 1998, representing himself, Petitioner filed a petition for reinstatement for the 1993 suspension. The petition, signed by Petitioner, did not have a certificate of mailing attached and apparently was never served on the OBA or the Professional Responsibility Tribunal (PRT).

¶3 On March 20, 1998, the General Counsel for the OBA received a request from Rob Pyron for a status report. The General Counsel responded that it had not received an application. The General Counsel received a fax transmittal of the application on March 26, 1998, and a hard copy on March 30, 1988. The PRT received notice of the application on April 2, 1998, and issued an order to show cause for the delay. The order did not state a date for compliance.

On April 20, 1998, the OBA responded. Petitioner did not file a response.

¶4 On May 4, 1998, the PRT issued an order recommending that the application for reinstatement be denied. On August 19, 1998, Petitioner filed another petition for reinstatement, once again without a certificate of mailing. It appears this petition was never sent to the PRT. The OBA filed an objection to this petition for failure to include the certificate of mailing. On August 31, 1998, Petitioner filed yet another petition for reinstatement, this time including a certificate of mailing. On September 4, 1998, the Presiding Master of the PRT issued an order denying the August 19, 1998 petition and recommending that it be stricken. This Court remanded the matter to the PRT with instructions to schedule a hearing on the matter.

## II. FACTS

¶5 On remand Petitioner and OBA stipulated to the facts. A hearing also was held on the matter. In August of 1993, felony charges were filed against a defendant. Petitioner appeared at four hearings and signed pleadings on behalf of the defendant. In August and September of 1994, Petitioner represented a second defendant on a misdemeanor charge. Petitioner appeared at the hearings and signed pleadings in the matter on behalf of the second defendant also.

¶6 In 1995, Petitioner's name appeared on certificates of mailing as the attorney for the plaintiff in a divorce proceeding. Petitioner represented the plaintiff at a hearing held on January 16, 1995. Petitioner reviewed the proposed Decree of Divorce and recommended to the plaintiff that she approve it.

¶7 Petitioner was employed as City Attorney for the City of Holdenville (City) from February 1992 through September 1996. During this employment, Petitioner represented the City in municipal court and advised the City regarding a water main construction bond and a prison construction bond and negotiated contracts on behalf of the City.

¶ 8 On February 12, 1996, Petitioner pled guilty to a misdemeanor charge of Driving While Under the Influence of Alcohol for which he received a one-year suspended sentence. On October 7, 1997, the State's motion to revoke the suspended sentence was sustained, and Petitioner was ordered to pay a $500.00 fine. On August 7, 1996, Petitioner pled guilty to a felony charge of Driving While Under the Influence of Drugs for which Petitioner received a deferred sentence. The charge was dismissed after Petitioner successfully completed the deferred sentence.

¶ 9 In July of 1996, Petitioner completed inpatient treatment at Cushing Valley Hope for alcohol abuse. Since his release from Cushing Valley Hope, Petitioner has attended meetings of Alcoholics Anonymous at least twice a week.

¶ 10 In 1995, Petitioner received 24 credit hours of mandatory continuing legal education courses. The last continuing legal education class that Petitioner attended was on November 13, 1995. Petitioner states that he has tried to maintain his competency and learning in the law by reading the Oklahoma Bar Journal as well as other legal publications.

¶ 11 Robert Hanks is the investigator assigned to this matter. If called upon, Hanks would have testified that, without exception, the character witnesses and references listed by Petitioner were complimentary of Petitioner, his character, and his competency in the law.

¶ 12 Petitioner owes the OBA $900.00 for membership dues and costs for the years 1993 and 1994. Petitioner has agreed to pay the costs of this proceeding.

### III. PROFESSIONAL RESPONSIBILITY TRIBUNAL'S REPORT

¶ 13 After considering the stipulations and evidence at the hearing, the PRT recommended that Petitioner be denied reinstatement. The PRT found that Petitioner had actively engaged in the unauthorized practice of law during suspension and does not possess the necessary competency and learning required for reinstatement. While the PRT found Petitioner's alcohol-related offenses troubling, they were disregarded by the PRT in making its recommendation.

### IV. DISCUSSION

¶ 14 This Court exercises original and exclusive jurisdiction in bar reinstatement proceedings. *In re Reinstatement of Brown,* 1996 OK 95, ¶ 14, 925 P.2d 44, 49. Although the PRT's recommendations are afforded great weight, they are advisory only, in as much as this Court exercises de novo review. *Id.*

¶ 15 Rule 11.4 of the Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch. 1, app. 1–A (1991) (RGDP), sets out the standards for reinstatement. Rule 11.4 states:

> An applicant for reinstatement must establish affirmatively that, if readmitted or if the suspension from practice is removed, the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. The burden of proof, by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant. An applicant seeking such reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant. Feelings of sympathy toward the applicant must be disregarded....

¶ 16 Rule 11.5 of the RGDP requires the PRT to make specific findings regarding (1) "[w]hether or not an applicant possesses the good moral character which would entitle him to be admitted to the Oklahoma Bar Association", (2) "[w]hether or not an applicant has engaged in the unauthorized practice of law during the period of suspension," and (3) "[w]hether or not an applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma...."

¶ 17 It is uncontested that Petitioner engaged in the unauthorized practice of law during his suspension. The petition for reinstatement establishes that Petitioner participated in the uncontested divorce matter during his suspension. Not reflected in the petition for reinstatement, but set out in the stipulations, is Petitioner's representation of two defendants in two criminal matters, employment as the city attorney for the City of Holdenville, and representation of the City of Holdenville in legal matters.

¶ 18 Engaging in the practice of law while under suspension is sufficient ground for denying reinstatement. *See State ex rel. Oklahoma Bar Association v. Samara*, 1984 OK 32, 683 P.2d 979; *Houts v. State ex rel Oklahoma Bar Association*, 1971 OK 62, ¶ 15, 486 P.2d 722, 725. This Court has also held that engaging in the practice of law while under suspension, coupled with other misconduct, warrants disbarment. *State ex rel. Oklahoma Bar Association v. Wolfe*, 1997 OK 47, ¶¶ 25–26, 937 P.2d 988, 993. In this case, it is unquestioned that Petitioner continued in the practice of law after his suspension.

¶ 19 In addition to engaging in the unauthorized practice of law while under suspension, the PRT found that Petitioner lacked the necessary competency and learning in the law required for admission to the Bar. In *In re Reinstatement of Hardin*, 1996 OK 115, 927 P.2d 545, the applicant had attended eighteen hours of continuing legal education courses in the year preceding his application for reinstatement and testified that he regularly read the Oklahoma Bar Journal. This Court found that the applicant did not possess the required knowledge of and competency in the law for reinstatement.

¶ 20 As to the Petitioner in the present matter, he has received twenty-four hours of continuing legal education credits. However, Petitioner has not attended a continuing legal education class since November 13, 1995. Petitioner states that he reads the Oklahoma Bar Journal and other legal articles. Otherwise, there is no evidence that Petitioner possesses the competency and learning required for reinstatement. Petitioner has failed to prove by clear and convincing evidence that he now possesses the requisite legal skills for reinstatement.

¶ 21 The OBA urges that Petitioner does not possess the good moral character required for readmission because of the two criminal charges for driving under the influence of alcohol. Having found that Petitioner engaged in the unauthorized practice of law and that he has not shown by clear and convincing evidence that he possesses the necessary legal skills for reinstatement, we need not address this assertion made by the OBA.

## V. CONCLUSION

¶ 22 It is this Court's finding that Petitioner engaged in the unauthorized practice of law during his suspension and has not shown by clear and convincing evidence that he possesses the competency in and knowledge of the law necessary for reinstatement. Therefore, the Petition for Reinstatement is denied.

REINSTATEMENT DENIED.

¶ 23 SUMMERS, C.J., LAVENDER, SIMMS, OPALA, KAUGER, JJ.—concur.

¶ 24 WATT, J.—concurs in part; dissents in part.

¶ 25 HARGRAVE, V.C.J.—disqualified.