OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF BODNAR

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF BODNAR
2016 OK 16
Case Number: SCBD-6202
Decided: 02/09/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 16, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

IN THE MATTER OF THE REINSTATEMENT OF: LOUIS J. BODNAR, TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.

ORIGINAL PROCEEDING FOR ATTORNEY REINSTATEMENT

¶0 Applicant filed a petition for reinstatement after resigning membership in the Oklahoma Bar Association in 1999. Applicant continued practicing in Texas until 2003 when he resigned in lieu of discipline from the Texas Bar Association. The respondent, Oklahoma Bar Association, and the Professional Responsibility Tribunal recommended that applicant be reinstated. We find applicant failed to properly file his petition for reinstatement, failed to show that he has not engaged in the unauthorized practice of law, and failed to show that he has the competency and learning necessary to engage in the practice of law.

REINSTATEMENT DENIED; COSTS ASSESSED.

Louis J. Bodnar, pro se, Tulsa, OK, for Petitioner.
Steven Sullins, Oklahoma Bar Association, Oklahoma City, OK, for Respondent.

Taylor, J.

¶1 The dispositive questions before this Court are whether the Applicant has complied with Rule 11.1(a) of the Oklahoma Rules Governing Disciplinary Proceedings (ORGDP), 5 O.S.2011, ch. 1, app. 1-A, r. 11.1(a), and whether he has presented clear-and-convincing evidence that he possesses the competency and learning necessary to be reinstated to the roll of attorneys and membership in the Oklahoma Bar Association (OBA) and has not engaged in the practice of law since his resignation from the OBA. We answer all questions in the negative and find that the Applicant failed to follow Rule 11.1(a) of the ORGDP for reinstatement by petition, failed to show by clear-and-convincing evidence that he possesses the competency and learning in the law required for admission to the practice of law in Oklahoma, and failed to show by clear-and-convincing evidence that he has not engaged in the unauthorized practice of law since his resignation.

I. FACTS

¶2 Applicant, Louis J. Bodnar, was admitted to the practice of law in Oklahoma on September 2, 1972, after passing the Oklahoma Bar Examination. He then resided and practiced law in Oklahoma. There is a discrepancy between Bodnar's affidavit and his brief about what happened next. In the affidavit, Bodnar states that he "practiced law in Oklahoma City continuously until August 30, 1987, when [he] left Oklahoma City and relocated to El Paso, Texas." In his brief, Bodnar states that he went to work in Washington, D.C. in August of 1984 and returned to Oklahoma City about January 1, 1985, became the Interim CEO and President of the Medical Center State Bank, and then in 1987 moved to El Paso. There is no other evidence presented to support either verison of this fact.

¶3 After passing the Multistate Professional Responsibility Examination in March of 1989, Bodnar became licensed to practice law in Texas. On March 30, 1999, Bodnar resigned his membership in the OBA pursuant to Article II, Section 3(a) of the Rules Creating and Controlling the OBA, 5 O.S. 1991, ch. 1, app. 1, art. II, § 3(a). In July of 2001, Bodnar moved from El Paso to Dallas and, on April 13 of 2002, began practicing law with a Dallas firm.

¶4 When he was hired by the Dallas firm, Bodnar began "winding down" his El Paso practice, leaving his office open with a legal assistant in charge. He "transferred" several cases to other attorneys, expecting that they would file substitutions of counsel and enter appearances. However, he did not notify his clients or get their consent to transfer the cases in violation of Rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.[1]

¶5 On May 15, 2002, Bodnar returned to El Paso for a divorce trial. Bodnar admits that his legal assistant in El Paso was forwarding his important mail to him in Dallas. He contends that when he closed his office in August of 2002, the legal assistant took his computer, stopped forwarding important mail, and defrauded him of funds. The only mistake he admits to is trusting his "seemingly loyal employee."

¶6 In December of 2002, Bodnar left the law firm and began working as a title examiner for American Title Company. Effective September 22, 2003, Bodnar resigned his membership in the Texas Bar in lieu of discipline. He continued working as a title examiner, with a few lapses, for different companies until early 2007 when he retired and moved to Tulsa, Oklahoma. He then obtained an Oklahoma certification to teach social studies courses.

¶7 In 2007 and 2008, Bodnar worked as a substitute teacher and In-house Suspension Supervisor. In August of 2008, he was hired by Glenpool Public Schools as the In-house Suspension (Placement) Supervisor and was employed there at the time of filing his petition for reinstatement. Bodnar contends that he has not practiced law since 2002, about thirteen years.

¶8 Bodnar asserts that he has the necessary competency and learning in the law to be reinstated without taking the Oklahoma Bar Examination. In support of this contention, Bodnar submits the following as evidence:

a) In March of 1989, he passed the Professional Responsibility portion of the Texas State Bar Examination.
b) In the early 1980s, he taught in the Rose State College paralegal program, and in 1981, was head of the department.
c) In 1985, he wrote and published a novel and has written a second novel.
c) d Between 1995 and 1999, he taught business law at the University of Texas at El Paso and, for two of these years, he also taught paralegal courses at El Paso Community College.

Bodnar has not been licensed to practice law for the last thirteen years. During this time, the evidence of Bodnar's attempt to maintain his competency and learning in the law are:

a) In the summer of 2008, he taught U.S. History and Government at Jenks High School.
b) He subscribed to and read the Oklahoma Bar Journal for about three months prior to his reinstatement hearing.
c) He has taken one continuing education class entitled Diversion Trust Accounts.

Bodnar stated that he planned to take the Oklahoma Bar Review Course in the summer of 2015, but there is no evidence that he did so. The only other evidentiary material of his competency is his affidavit that he has continued to study the law and kept himself informed as to current developments in the law sufficient to establish his competency. He has not elaborated on or presented any evidence of any details of how he did this.

¶9 We cannot ignore Bodnar's discipline in Texas. Although Bodnar was not a member of the Oklahoma Bar Association at the time, and, therefore, not subject to reciprocal discipline under Rule 7.7 of the ORGDP, the discipline in Texas is germane to this Court's consideration of his petition for reinstatement.

¶10 In November of 2001, Bodnar received a public reprimand for taking a $615.00 retainer fee to file a divorce petition and, thereafter, failing to file the petition and failing to communicate with the client. Comm'n for Lawyer Discipline v. Bodnar, No. F3079801953 (Evidentiary Panel, State Bar, Dist. 17A Nov. 12, 2001). In April of 2003, Bodnar received another public reprimand. Comm'n for Lawyer Discipline v. Bodnar, No. F3020212213 (Evidentiary Panel, State Bar, Dist. 17A April 16, 2003). Bodnar received a public reprimand because he was hired in a divorce proceeding and his client advised him that she wanted to be awarded the residence. Bodnar failed to include the residence in any of the pleadings, failed to keep his client informed, failed to respond to request for information, and failed to explain the legal matter to the extent reasonably necessary to his client.

¶11 On September 22, 2003, the Supreme Court of Texas accepted Bodnar's resignation in lieu of discipline. In re Bodnar, Misc. Docket No. 03-9139 (Tex. Sept. 22, 2003). The allegations of "professional misconduct detailed in the Response of Chief Disciplinary Counsel" were deemed "conclusively established for all purposes." The response contained allegations of misconduct regarding five clients. All of the misconduct was similar. The clients hired Bodnar to represent them in family matters. Bodnar neglected the clients' matters by doing no substantial work on their cases. Bodnar failed to inform the clients that he had closed his office or to provide a forwarding address or phone number. Bodnar failed to protect the clients' interest by failing to give them reasonable notice and an opportunity to seek new counsel. Bodnar was ordered to make restitution to all of the clients. There is no evidence that Bodnar ever paid the restitution.

¶12 The Professional Responsibility Tribunal (PRT) held a hearing on July 23, 2015. Because the OBA did not object to reinstatement, no adverse evidence was presented to the PRT. On November 6, 2015, the PRT filed its report pursuant to Rule 11.5 of the ORGDP. The PRT found that Bodnar "has kept up with the practice of law by subscribing to and reading the Oklahoma Bar Journal, taking a trust accounting class, and plans to take various continuing education classes on family law issues." The PRT also found that Bodnar had not practiced law since his resignation in Texas and that he was of good moral character. The PRT recommended that Bodnar be reinstated.

¶13 After the PRT filed its report, Bodnar filed a brief in support of his reinstatement. Bodnar's brief is absent of any authority supporting his reinstatement. The OBA waived its right to file a responsive brief, endorsed the PRT's finding, and recommended that this Court adopt those findings.

II. STANDARD OF REVIEW AND APPLICANT'S BURDEN

¶14 This Court has exclusive jurisdiction over the licensing of attorneys. In re Reinstatement of Kamins, 1988 OK 32, ¶18, 752 P.2d 1125, 1129. The PRT's findings and recommendations to this Court are advisory in nature. Id. The ultimate decision on a petition for reinstatement rests with this Court, and we make an independent review of the record in the proceeding. In re Reinstatement of Swant, 2003 OK 9, ¶4, 65 P.3d 276, 276. Accordingly, we consider the petition for reinstatement to membership in the OBA without deference to the PRT's findings or recommendations.

¶15 Under Rule 11.4 of the ORGDP, an applicant for reinstatement bears the burden of proof by clear-and-convincing evidence that the applicant's conduct will conform to the high standards of a member of the bar. An applicant seeking reinstatement must present stronger proof of good moral character; of due respect for the law; and of fitness to practice law, including learning and competency in the law, than one seeking admission for the first time. Rule 11.4, ORGDP.

III. FAILURE TO FOLLOW ORGDP, RULE 11.1(A) 
AND UNAUTHORIZED PRACTICE OF LAW

¶16 Initially we find that Bodnar has failed to comply with the rules governing reinstatement to the practice of law by petition and has failed to show by the required evidentiary material that he has not engaged in the unauthorized practice of law. Rule 11.1 of the ORGDP requires an applicant for reinstatement to attach to his petition "the affidavits of the court clerks in the several counties in which he has resided, establishing that the applicant has not practiced law in their respective courts since the termination or suspension of his right to practice law." Under this rule, the court clerks' affidavits must be current.

¶17 The only affidavit attached to Bodnar's petition was that of Patricia Presley, Court Clerk for Oklahoma County at the time of the affidavit, which was dated March 25, 2009. Bodnar admitted that he has resided in Dallas and in Tulsa since his resignations from the Oklahoma and Texas bar associations. Yet he has failed to submit court clerk affidavits from either of the two counties. Further, a 2009 affidavit is insufficient to show that he has not practiced law between 2003 and now.

¶18 This Court addressed an applicant's petition for reinstatement in In re Reinstatement of Katz, 1992 OK 161, 847 P.2d 1385. There was conflicting evidence in Katz as to whether Katz had practiced law while disbarred. Id. ¶ 15, 847 P.2d at 1387. This Court found "it unnecessary to make a finding that his" activities constituted the unauthorized practice of law because Katz, by failing to include the required court clerk affidavits, had failed to show by clear-and-convincing evidence that he had not engaged in the unauthorized practice of law. Id. The teaching of Katz is that the affidavits required by Rule 11.1(a) of the ORGDP are necessary to meet the burden of showing that an applicant has not engaged in the unauthorized practice of law. Like in Katz, Bodnar, by failing to include the required court clerk affidavits, has not only failed to follow the rules necessary for reinstatement, but has failed to show that he has not engaged in the practice of law since his resignations.

IV. COMPETENCY AND LEARNING IN THE LAW

¶19 In the thirteen years since Bodnar resigned from the Texas Bar, he has subscribed to and read the Oklahoma Bar Journal for three months just prior to his reinstatement hearing and has taken one continuing legal education class. He posits that getting a teaching certification in social studies and teaching high school social studies during one summer term also shows his continued learning. While worthwhile and not to undermine the value of teaching, we cannot accept that these two activities were sufficient to show to his competency and learning in the law. Bodnar's feeble attempt must be compared to that of practicing attorneys who are required to take twelve hours of continuing education, including one hour of ethics, every year. Rule 3, Rules for Mandatory Continuing Legal Education, 5 O.S.2011, ch. 1, app. 1-B, r. 3. Further, Bodnar's failure to comply with the rules for his reinstatement is evidence that he does not possess the competency necessary for the practice of law. In re Reinstatement of Munson, 2010 OK 27, ¶ 16, 236 P.3d 96, 102.

¶20 We addressed this same issue in In re Reinstatement of Turner, 1999 OK 72, ¶ 20, 990 P.2d 861, 864. After Turner's name was stricken on July 19, 1994, from the roll of attorneys for failure to pay dues and failure to comply with Mandatory Continuing Legal Education requirements, he filed a petition for reinstatement on August 31, 1998. Id. ¶ 2, 990 P.2d at 862. In 1995, Turner completed twenty-four hours of continuing legal education courses. Id. ¶ 10, 990 P.2d at 863. Turner contended that he had also read the Oklahoma Bar Journal, as well as other legal publications. Id. This Court found that Turner failed to prove by clear-and-convincing evidence that he possessed the requisite legal skills for reinstatement. Id. ¶ 20, 990 P.2d at 863.

¶21 This Court has also addressed this same issue in In re Reinstatement of Hardin, 1996 OK 115, ¶ 6, 927 P.2d 545, 546, and in In re Reinstatement of Farrant, 2004 OK 77, ¶ 9, 104 P.3d 567, 569. In Hardin, this Court denied the petition for reinstatement where the applicant had attended eighteen hours of Continuing Legal Education courses in the year preceding the application for reinstatement and testified that he had regularly read the Oklahoma Bar Journal for just over two years after being suspended for six years.

¶22 In Farrant, this Court denied the petition for reinstatement where the applicant had taken twelve hours of Continuing Legal Education courses the previous year, one course the year the petition was filed, and had been reading the Oklahoma Bar Journal for two years of the ten-year suspension. This Court stated that there is a presumption that one who has been suspended for five years will not have sufficient competency absent an extraordinary showing of competency and learning in the law. 2004 OK 77 at ¶ 7, 104 P.3d at 568.

¶23 If twelve to twenty-four hours of continuing legal education courses in Turner, Hardin, and Farrant, were insufficient to show competency and learning in the law by clear-and-convincing evidence, and, if practicing attorneys must complete twelve hours a year, taking one class and reading the Oklahoma Bar Journal for three months is certainly insufficient to meet the burden for showing the competency and learning in the law necessary for reinstatement without taking the Oklahoma Bar Examination.

¶24 The PRT considered that Bodnar planned to take various continuing education classes in its finding that he had kept up with the practice of law. When we determine whether an applicant has the competency and learning to practice law, we do not consider future plans to take classes, because, as illustrated here, the applicant may not follow through on those plans. Likewise, the PRT should not have considered Bodnar's future plans to take bar review classes in determining that he had the competency and learning necessary to be reinstated.

V. PAST DISCIPLINE IN TEXAS

¶25 While we find that Bodnar has not met his burden of showing he should be reinstated on petition without considering his past discipline, it is worthy of consideration. Bodnar has in the past demonstrated a lack of fitness to practice law as evidenced by his resignation in lieu of discipline in Texas. The facts in In re Reinstatement of Thompson, 1993 OK 152, 864 P.2d 823, are similar to those presented here. Thompson resigned pending disciplinary proceedings. Id. ¶ 2, 864 P.2d 824. Thompson sent his cases and the files to two attorneys who were to contact the clients. Id. ¶ 6, 864 P.2d 825. Although the attorneys attempted to contact the clients, some were not contacted because of a change of address. Id. Thompson did attempt to help find the clients or follow-up with the attorneys. Id. This Court applied the factors adopted in In re Reinstatement of Kamis, 1988 OK 32, 752, P.2d 1125, 1130,[2] and found that Thompson should not be reinstated.

¶26 Here we are not only concerned about Bodnar's failure to show that he has not engaged in the unauthorized practice of law and that he does not possess the requisite learning and competency in the law, but we are also concerned with Bodnar's failure to understand the gravity of his conduct which resulted in his resignation in lieu of discipline. Bodnar does not take responsibility for his failure to protect his clients when he moved. Rather, he blames the problems on his legal assistant and the attorneys to whom he "transferred" his cases. He has not presented any evidence that he has made the restitution required by the Texas Supreme Court. This Court considers restitution as evidence of an applicant's "demonstrated consciousness of the wrongfulness of his conduct and his continuing growth toward financial security." In re Reinstatement of Pate, 2008 OK 24, ¶ 15, 184 P.3d 528, 532. In considering Bodnar's petition for reinstatement, this Court must also be mindful of the past harm to clients and his failure to take responsibility for causing the harm.

VI. COSTS

¶27 The OBA filed an Application to Assess Costs in the amount of $291.25. Bodnar has not objected to the amount of the costs. Pursuant to Rule 11.1(c) of the ORGDP, this Court finds that the OBA is entitled to reimbursement of its costs in the amount of $291.25.

VII. CONCLUSION

¶24 It is this Court's duty to safeguard the public by ensuring that applicants for reinstatement meet the qualifications necessary for the practice of law. Thompson, 1993 OK 152 ¶ 22, 864 P.2d at 827. Bodnar has failed to present clear-and-convincing evidence that he meets the qualifications required for reinstatement to the practice of law. Pursuant to Rule 11.1(e), Louis J. Bodnar may not file an application for reinstatement within one year from the date of this opinion. Bodnar is ordered to reimburse the OBA its costs of $291.25 within sixty days of the date this opinion becomes final.

REINSTATEMENT DENIED; COSTS ASSESSED.

Concur: Combs, V.C.J., Watt, Winchester, Edmondson, and Taylor, JJ.

Concur in part, dissent in part: Reif, C.J., Kauger, Colbert, and Gurich, JJ.

Reif, C.J., with whom Kauger, Colbert, and Gurich, JJ. join, concurring in part, dissenting in part:

I concur to deny the application as presented, but would approve upon successful completion of the Oklahoma bar examination.

FOOTNOTES

[1] This violation is part of the allegations surrounding Bodnar's resignation in lieu of discipline discussed below. Rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct, Tex. Gov't Code Ann., tit. 2, subtit. G, app. (West 2013) (Tex. State Bar R. art. X, § 9), provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law only if such retention will not prejudice the client in the subject matter of the representation.

[2] The factors are: (1) petitioner's present moral fitness, (2) petitioner's demonstrated consciousness of the wrongful conduct and disrepute brought upon the legal profession, (3) petitioner's rehabilitation, (4) the seriousness of the misconduct, (5) conduct subsequent to discipline, (6) the time lapse since the discipline, (7) the petitioner's character, maturity, and experience at the time of the discipline, and (8) petitioner's present competency in legal skills. Kamis at n. 10, 752 P.2d at 1130, n. 10.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 32, 752 P.2d 1125, Reinstatement of Kamins, Matter of
Discussed at Length
 1992 OK 161, 847 P.2d 1385, 63 OBJ 3645, Reinstatement of Katz, Matter of
Discussed
 1993 OK 152, 864 P.2d 823, 64 OBJ 3526, Reinstatement of Thompson, Matter of
Discussed at Length
 2003 OK 9, 65 P.3d 275, IN THE MATTER OF THE REINSTATEMENT OF SWANT
Cited
 2004 OK 77, 104 P.3d 567, IN THE MATTER OF THE REINSTATEMENT OF FARRANT
Discussed at Length
 2008 OK 24, 184 P.3d 528, IN THE MATTER OF THE REINSTATEMENT OF PATE
Discussed
 1996 OK 115, 927 P.2d 545, 67 OBJ 3047, In the Matter of the Reinstatement of Hardin
Discussed
 2010 OK 27, 236 P.3d 96, IN THE MATTER OF THE REINSTATEMENT OF MUNSON
Discussed
 1999 OK 72, 990 P.2d 861, 70 OBJ 2603, In the Matter of the Reinstatement of Turner
Discussed