**In the Matter of the REINSTATEMENT OF James H. ESSMAN, Applicant, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**SCBD No. 3369.**

Supreme Court of Oklahoma.

Oct. 20, 1987.

John Douglas, Asst. Gen. Counsel, Oklahoma City, for Oklahoma Bar Ass'n.

Herrold, Gregg & Herrold, Inc. by Donald E. Herrold, Tulsa, for applicant.

LAVENDER, Justice:

This matter is before us for disposition. On July 29, 1987, the Report of the Trial Panel of the Professional Responsibility Tribunal was filed in this Court. The report recommended that applicant James H. Essman be reinstated without re-examination to the practice of law in the State of Oklahoma, following a period of time in excess of five (5) years during which his license was suspended for non-payment of dues. Applicant and the Oklahoma Bar Association were requested to file briefs in conjunction with this report. Both waived the opportunity, but the Oklahoma Bar Association requested in its waiver that reinstatement be granted.

Applicant has a burden of proving by clear and convincing evidence in order to gain reinstatement without re-examination: that his conduct will conform to the standards required of a member of the Bar, 5 O.S.1981 Ch. 1, App. 1–A, Rule 11.4; that he is possessed of good moral character, 5 O.S.1981 Ch. 1, App. 1–A, Rule 11.5(a); that he has not engaged in the practice of law during the period of suspension, 5 O.S. 1981 Ch. 1, App. 1–A, Rule 11.5(b); and that he has maintained competency to practice law, 5 O.S.1981 Ch. 1, App. 1–A, Rule 11.5(c).

We have thoroughly reviewed the materials presented in this matter and find that sufficient material has been submitted to affirmatively establish the moral character of the applicant and to establish that his conduct will conform to the standards to be expected of the legal profession. We further note the presence of ample evidence to establish that applicant has not improperly engaged in the practice of law during the period of his suspension. The record contains no material which would tend to contradict an affirmative finding as to any of the first three listed requirements.

As to the question of whether applicant has maintained a level of competence in the practice of law, the length of time applicant's license has been in suspension itself weighs against an affirmative finding. However, during the period of time since the suspension of applicant's license, applicant has been continuously employed as a landman, first for a major oil company and then as an independent. At the hearings in this matter it was established that applicant's employment required a thorough knowledge of matters affecting title to real property. Further, while employed as an independent landman, applicant handled the preparation of legal instruments in the negotiations and purchasing of oil and gas leases on his own behalf.

We find this evidence sufficient to establish a continuing competency in a significant area of the practice of law. We also note that between hearings in this matter, applicant has completed an additional thir-

ty-four hours of Continuing Legal Education, including four and one-half hours of ethics. The completion of these courses adds support to a finding of applicant's competency and brings him into compliance with the accrued Mandatory Continuing Legal Education requirements of the Oklahoma Bar in effect since March 1, 1986, requiring a minimum of twelve hours of Continuing Legal Education including one hour of ethics to be completed by members of the Bar each year to ensure the maintenance of competency within the legal profession.

Having found evidence to clearly and convincingly establish each of the required points to allow applicant's license to practice law to be reinstated without examination, it is therefore ORDERED:

> Applicant, James H. Essman, is reinstated to membership in the Oklahoma Bar Association and to the Roll of Attorneys, effective upon the payment of costs in the amount of $644.47 as required by 5 O.S.1981 Ch. 1, App. 1–A, Rule 11.1(c).

All the Justices concur.