2006 OK 33

In the Matter of the REINSTATEMENT OF Kathy Lynne JONES, to Membership in the Oklahoma Bar Association and the Roll of Attorneys.

No. SCBD 4961.

Supreme Court of Oklahoma.

May 16, 2006.

Rick Rodgers, Duncan, OK, for Petitioner.

Charles Watts, Oklahoma City, OK, for Petitioner.

Nathan Lockhart, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Respondent.

COLBERT, J.

¶1 Kathy Lynne Jones (Petitioner) seeks reinstatement to the Oklahoma Bar Association (OBA). This Court approved Petitioner's resignation from the OBA on February 3, 1997, after she submitted her affidavit of resignation pending disciplinary proceedings and following her plea of guilty to the misdemeanor offense of falsely performing a notarial act. The trial panel of the Professional Responsibility Tribunal has unanimously recommended reinstatement and the OBA joins that recommendation. Petitioner has filed a brief in support of reinstatement and the OBA filed a waiver of response. Because Petitioner has satisfied the Rule 11 prerequisites for reinstatement, Okla. Stat. tit. 5, ch. 1, app. 1–A (2001), by clear and convincing evidence, she is reinstated effective upon her payment of dues and the costs of this proceeding.

## BACKGROUND

¶2 Petitioner graduated from the University of Oklahoma School of Law on December 19, 1980. She was admitted to the OBA and her name was entered on the Roll of Attorneys on May 8, 1981, upon her successful completion of the Oklahoma Bar Examination. Thereafter, Petitioner engaged in private practice in Duncan, Oklahoma from May 8, 1981, until January 15, 1997.

¶3 In January 1997, Petitioner was charged and subsequently pled guilty to the misdemeanor crime of Falsely Performing a Notarial Act.[1] The amended information charged, in substance, that Petitioner falsely affixed the notary public seal of Vicki Williams, her former secretary, to a Petition for Divorce. It should be noted however, that neither of the clients' signatures were forged nor did they incur any financial harm from Petitioner's acts. Petitioner received a five-year deferred sentence, was assessed a $500.00 fine and court costs, and was required to resign from the practice of law for a period of five years. As part of her plea agreement, Petitioner was also required to notify the OBA of the pending criminal investigation.

¶4 At the time of Petitioner's resignation, two grievances against her were pending with the General Counsel's Office: (1) DC 96–341, alleging criminal conduct involving fraudulent use of notary signature and seal; and (2) DC 96–376, alleging that money garnished from the complainant in the course of his bankruptcy had not been returned despite Petitioner's promise to do so.

¶5 Petitioner's improper conduct occurred when she was suffering from situational depression. She was recovering from a serious car wreck, short-staffed at work, and under financial pressures resulting from a divorce. In addition, Petitioner bore the burden of paying an $80,000 debt for ten years of back taxes due to her former husband's failure to file.

¶6 On October 28, 2004, Petitioner petitioned for reinstatement. At her hearing before the Professional Responsibility Tribunal she introduced six witnesses who testified to her good moral character and competence in the law. There was no evidence that Petitioner had engaged in the unauthorized practice of law. The trial panel found and we agree, that Petitioner possesses good moral character and that her competence and learning in the law qualify her for readmission. *See* Rule 11.5, Rules Governing Disciplinary Proceedings (RGDP).

## STANDARD OF REVIEW

¶7 In considering a petition for reinstatement, this Court exercises original jurisdiction and applies the *de novo* standard of review. *In re Reinstatement of Gassaway*, 2002 OK 48, ¶3, 48 P.3d 805, 806. The burden is on the applicant to demonstrate by clear and convincing evidence that the prerequisites for reinstatement are satisfied. Okla. Stat. tit. 5, ch. 1, app. 1–A, Rule 11.4 (2001). An applicant whose resignation is tendered at a time when bar disciplinary proceedings are pending bears the same burden as an individual who has been disbarred. *In re Reinstatement of Kamins*, 1988 OK 32, ¶19, 752 P.2d 1125, 1129.

## EVIDENCE AND ANALYSIS

¶8 As a condition precedent to reinstatement, a hearing must be held before the trial panel of the Professional Responsibility Tribunal. Rule 11.5, RGDP. Following the hearing, the trial panel shall file the hearing transcript and a report containing specific findings as to whether an applicant: (1) possesses good moral character entitling the applicant to readmission; (2) has not engaged in the unauthorized practice of law during the period of suspension, disbarment, or resignation; and (3) possesses the competence and learning in the law required for admission to practice law in Oklahoma. *Id.* In addition, this Court will consider the following factors in determining an applicant's fitness for reinstatement:

(1) the present moral fitness of the applicant;

(2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession;

(3) the extent of applicant's rehabilitation;

(4) the seriousness of the original misconduct;

(5) the conduct subsequent to discipline;

---

1. Petitioner's sundry acts of forging a notary's signature and affixing the seal to various court documents which were filed with the court clerk are tantamount to violations of sections 1561(2); 1524; and 464 of title 21 of the Oklahoma Statutes. However, the district attorney, although aware of the alleged violations, declined to prosecute.

(6) the time that has elapsed since the original discipline;

(7) the applicant's character, maturity, and experience at the time of the discipline; and

(8) the applicant's present competence in legal skills.

*Kamins*, 1988 OK 32, ¶ 20, 752 P.2d at 1130.

¶ 9 At the hearing before the trial panel, Petitioner established by clear and convincing evidence that she is remorseful concerning the conduct which led to her resignation. Petitioner has publically acknowledged the wrongfulness of her conduct and has sought forgiveness from those around her. It is evident that she has learned from her mistakes and from the simple life she has maintained since her resignation.

¶ 10 In addition, Petitioner has demonstrated that she is completely rehabilitated. Since her resignation, Petitioner has remarried, enjoys good mental and physical health, and has repaid $78,000.00 in back taxes, leaving a balance of $2,000. The constellation of stressors that caused the situational depression and led to her criminal conduct are no longer present in Petitioner's life.

¶ 11 The record further demonstrates that Petitioner has not practiced law since her name was stricken from the Roll of Attorneys on February 3, 1997. Rather, she has earned a living performing numerous jobs ranging from farming to catering at the Oklahoma State University dining hall, working in the direct selling industry for Melaleuca and Team National, and volunteering as a law clerk for the attorney representing her in this matter, Charles W. Watts. Moreover, Petitioner has complied with Rule 11.5(b), RGDP, by not engaging in the unauthorized practice of law. This was established through Petitioner and her supervisor/attorney who testified that he and Petitioner made certain that Petitioner neither holds herself out as a lawyer nor counsels clients while working as a law clerk. All work completed by Petitioner is under the strict supervision of her supervising attorney.

¶ 12 Prior to tendering her resignation, Petitioner practiced law for approximately fifteen years; testimony was introduced that she "continues to do top-notch legal work"; and for the past year, she has received hands-on supervised legal experience. Moreover, Petitioner completed several hours of Continuing Legal Education courses and regularly reads the Oklahoma Bar Journal. Petitioner has shown that her competence and learning in the law qualify her for readmission without retaking the Oklahoma Bar Examination. *See* Rule 11.5(c), RGDP.

¶ 13 Lastly, Petitioner has satisfied the procedural requirements for reinstatement. She complied with the notice requirements of Rules 11.1(a) and 11.3(b), RGDP; and no objections to her reinstatement were received. Petitioner has not filed any applications for reinstatement prior to this proceeding and all funds expended on her behalf from the Client Security Fund have been repaid in full.

## CONCLUSION

¶ 14 The record demonstrates by clear and convincing evidence that Petitioner has satisfied the prerequisites for reinstatement. Effective upon the payment of the 2006 bar dues and $1,033.64, the costs incurred in this reinstatement proceeding, it is ordered that petitioner, Kathy Lynne Jones, be reinstated to membership in the OBA and her name placed on the Roll of Attorneys licensed to practice law in Oklahoma. It is further ordered that Petitioner shall pay said costs and current membership dues within twenty days from the date this opinion is filed with the Clerk of this Court.

**PETITION FOR REINSTATEMENT GRANTED UPON PAYMENT OF DUES AND COSTS.**

ALL JUSTICES CONCUR.