2007 OK 74

In the Matter of the REINSTATEMENT OF Douglas Jerome "Jerry" FRALEY, to Membership in the Oklahoma Bar Association and to The Roll of Attorneys.

SCBD No. 5207.

Supreme Court of Oklahoma.

Oct. 2, 2007.

Charles Alden, Oklahoma City, for applicant.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for respondent.

PER CURIAM,

¶ 1 Petitioner brought his petition for reinstatement on March 21, 2007, in compliance with Rule 11.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A. This is his second attempt at reinstatement. The history of both his resignation from the bar and of his earlier (first) quest for reinstatement may be found in the text of this court's pronouncement on his first application. They need not be repeated here.[1] In the earlier case the court refused to afford petitioner the opportunity to clarify and explain circumstances that weighed heavily against his then readmission. That case is now closed. **The application before us today is not simply a retender of that earlier case, but an independent quest for reinstatement.**

## I

### STANDARD OF REVIEW

¶ 2 In considering an application for reinstatement, the court exercises original jurisdiction and examines the evidence *de novo*.[2] The applicant bears the burden of demonstrating by clear and convincing proof that the prerequisites for reinstatement are satisfied.[3] Although there was neither formal investigation nor disciplinary proceeding conducted at the time of petitioner's resignation, RGDP 1.4(c) informs us that "Theft by conversion or otherwise of the funds of a client shall, if proved, result in disbarment." Petitioner has admitted to the theft of client funds and must hence meet the same burden as an individual who has been disbarred.[4]

## II

### EVIDENCE AND ANALYSIS

¶ 3 The terms of RGDP Rule 11.5 provide that the trial panel of the Professional Responsibility Tribunal must conduct an inquiry into the matter at hand, file in this court a transcript of the hearing, and report its findings as to whether the applicant (1) possesses good moral character entitling him to readmission; (2) has not engaged in the unauthorized practice of law during the period of suspension, disbarment, or resignation; and (3) possesses the competency and learning in the law required for admission to practice law in Oklahoma.

¶ 4 This court also considers the following additional factors in determining an applicant's fitness and eligibility for reinstatement: (1) the demonstrated consciousness of wrongful conduct and of the disrepute which that conduct brought to the profession; (2) the extent of the applicant's rehabilitation; (3) the seriousness of the original misconduct; (4) the applicant's conduct since his resignation; (5) the time that has elapsed since the resignation; and (6) the applicant's character, maturity, and experience at the time of resignation.[5]

¶ 5 At the hearing before the trial panel, petitioner established by clear and convincing evidence that he is remorseful about the conduct which led to his resignation. He has accepted full responsibility for his actions and has taken steps to rehabilitate himself. He no longer gambles on horse races or imbibes heavily, and he sought professional counseling for four years. Testifying on his behalf, co-workers and employers uniformly affirmed without hesitation their belief that petitioner has rehabilitated himself. They enthusiastically recommended his reinstatement.

---

1. *In re Reinstatement of Fraley,* 2005 OK 39, 115 P.3d 842.

2. *See, e.g., In re Reinstatement of Jones,* 2006 OK 33, ¶ 7, 142 P.3d 380, 381; *State ex rel. Oklahoma Bar Ass'n v. Maddox,* 2006 OK 95, ¶ 17, 152 P.3d 204, 210; *In re Reinstatement of Massey,* 2006 OK 21, ¶ 12, 136 P.3d 610, 614.

3. *See* 5 O.S.2001, Ch.1, App 1–A.

4. *In re Reinstatement of Kamins,* 1988 OK 32, ¶ 19, 752 P.2d 1125, 1129.

5. *Id.* at 1130.

¶ 6 The record demonstrates that petitioner has not practiced law since his resignation on December 18, 1997. The testimony of both petitioner and his employer established that while working as a legal assistant since his resignation, petitioner produces work that is always inspected and approved by an attorney. In meetings with clients, petitioner is always introduced as a legal assistant. He does not counsel clients.

¶ 7 Petitioner has worked as a legal assistant since March 2001, maintaining a close contact with the legal profession and closely monitoring any changes in the law. He has attended over 100 hours of Continuing Legal Education sessions since his resignation in 1997 and regularly reads the *Oklahoma Bar Journal.* Most notably, his employer for the last six years testified as to the high quality of petitioner's research work and as to his status as a resource for young associates in the firm. Petitioner has established that his competency since resignation meets the required level that is necessary for one's reinstatement.

## III

### CONCLUSION

¶ 8 The record demonstrates by clear and convincing evidence that petitioner has met the law's requirements for reinstatement to the bar. All costs related to this reinstatement proceeding as well as to the initial reinstatement proceeding have been paid. No funds have been expended on his behalf by the Client Security Fund. It is therefore ordered that petitioner Douglas Jerome "Jerry" Fraley be reinstated to membership in the Oklahoma Bar Association and that his name once again be placed on the Roll of Attorneys licensed to practice law in Oklahoma. If, at the time of this pronouncement, any bar fees should still be due and payable, they shall be remitted to the bar within thirty days of the day this opinion becomes final.

**PETITION FOR REINSTATEMENT GRANTED**

¶ 9 WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, KAUGER, COLBERT, JJ., Concur.

¶ 10 TAYLOR, J., Dissenting and joined by WATT, J.

This applicant has failed to meet the required burden of proving by clear and convincing evidence that he has **stronger** proof of qualifications than one seeking admission to the Bar for the first time. RGDP Rules 11.4, 5 O.S.2001, Ch.1, App. 1–A.

¶ 11 OPALA, J., Not voting.