OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF GILL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF GILL
2016 OK 61
Case Number: SCBD-6309
Decided: 06/07/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 61, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE REINSTATEMENT OF: MELISSA JAN GILL TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS

ORIGINAL PROCEEDING FOR ATTORNEY REINSTATEMENT

¶0 Petitioner, Melissa Jan Gill, filed a petition for reinstatement to membership in the Oklahoma Bar Association. The Oklahoma Bar Association does not oppose this reinstatement. The Trial Panel of the Professional Responsibility Tribunal unanimously recommended reinstatement. After our de novo review, we find the Petitioner should be reinstated.

PETITION FOR REINSTATEMENT IS GRANTED; 
PETITIONER IS ORDERED TO PAY COSTS

Melissa Jan Gill, pro se.
Katherine Ogden, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

COMBS, V.C.J.

¶1 On September 25, 2015, Petitioner, Melissa Jan Gill (Petitioner), filed her Petition for Reinstatement requesting she be readmitted as a member of the Oklahoma Bar Association pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A (RGDP). The record reflects the Petitioner graduated from the University of San Francisco School of Law in 1977 and was admitted to the California Bar in 1978. In February 1979, she graduated with an LL.M in taxation from the New York University School of Law. Later that year she was admitted to practice law in the State of Oklahoma. She resided in Cleveland County, Norman, Oklahoma, and practiced law as an associate for the Bright & Nichols law firm where she handled tax law matters for the firm. While she was practicing law in Oklahoma she voluntarily placed her California Bar license on inactive status. In 1981, she moved to California and voluntarily placed her California Bar license back on active status. She practiced law in California from 1981 through 1999 in the areas of taxation, estate planning and real estate. In 2002, she placed her California Bar license on inactive status as of January 1, 2001, and has been an inactive member of the California Bar ever since.

¶2 On September 12, 1983, Petitioner was suspended from membership in the Oklahoma Bar Association (OBA) for failure to pay membership dues for the year 1983.[1] Prior to the suspension order, Petitioner had been in contact with the OBA and was told to complete a form to resign her bar membership. In a letter dated September 22, 1983, Petitioner notified the OBA General Counsel of her intent to resign and attached the completed application for resignation and termination of membership.[2] Her reason given for her resignation was that she was no longer practicing law in Oklahoma and was currently practicing law in California. Petitioner returned to Oklahoma in April 2014 and resides in Norman, Oklahoma.

¶3 On January 12, 2016, a hearing on the Petition for Reinstatement was held before the Trial Panel of the Professional Responsibility Tribunal (PRT). The Oklahoma Bar Association did not contest the Petition for Reinstatement but emphasized the Petitioner still carried the burden to prove the relevant factors for reinstatement by clear and convincing evidence. The PRT found Petitioner had complied with the applicable portions of Rule 11.1, RGDP and had shown by clear and convincing evidence each of the prerequisites for reinstatement found in Rule 11.5, RGDP. It determined there was overwhelming evidence presented that Petitioner possessed the good moral character necessary to practice law in Oklahoma and she had not engaged in the unauthorized practice of law in Oklahoma since her resignation. The PRT found Petitioner kept abreast of current legal developments through continuing legal education in both California and Oklahoma and by her work for legal professionals. The PRT also determined she was not required to prove other supplemental factors announced in Matter of Reinstatement of Kamins, 1988 OK 32, ¶20, 752 P.2d 1125, because Petitioner did not resign from the OBA pending disciplinary proceedings. In fact, the PRT found Petitioner has never been involved in any prior disciplinary proceedings. The PRT recommended she be reinstated to membership in the OBA and did not require her to re-take the bar examination. The PRT did, however, recommend the following conditions: 1) completion of the required number of continuing legal education hours for the calendar year in which reinstatement is granted, 2) payment of the costs of the transcript for this hearing, 3) payment of membership dues and penalties to the OBA, and 4) payment of costs associated with this proceeding.

¶4 The PRT's report was filed with this Court on February 17, 2016, and this Court issued a briefing schedule on February 22, 2016. The parties thereafter filed a Joint Motion for Waiver of Briefs wherein the parties agreed there were no issues to be briefed and both agreed with the findings and recommendations of the PRT and further requested this Court approve the PRT's report. On March 15, 2016, this Court granted the parties request to waive briefing.

STANDARD OF REVIEW

¶5 This Court has the non-delegable, constitutional responsibility to regulate both the practice and the ethics, licensure, and discipline of Oklahoma practitioners of the law. In the Matter of the Reinstatement of Kerr, 2015 OK 9, ¶6, 345 P.3d 1118. Our review of the record is made de novo, in which we conduct a non-deferential, full-scale examination of all relevant facts. State ex rel. Oklahoma Bar Association v. Hulett, 2008 OK 38, ¶4, 183 P.3d 1014. In a proceeding involving no prior imposition of discipline for lawyer professional misconduct, the focus of our inquiry concerns 1) the present moral fitness of the applicant; 2) conduct subsequent to suspension as it relates to moral fitness and professional competence; 3) whether the attorney has engaged in the unauthorized practice of law; and 4) whether the attorney has complied with the rule-mandated requirements for reinstatement. In the Matter of the Reinstatement of Christopher, 2014 OK 73, ¶5, 330 P.3d 1221. The PRT's recommendations concerning these matters, while entitled to great weight, are advisory in character and the ultimate decision rests with this Court. In the Matter of the Reinstatement of Pate, 2008 OK 24, ¶3, 184 P.3d 528; Matter of Reinstatement of Floyd, 1989 OK 83, ¶3, 775 P.2d 815. Rule 11.4, RGDP, provides an applicant seeking reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. In addition, Rule 11.5, RGDP provides in pertinent part:

At the conclusion of the hearing held on the petition for reinstatement, the Trial Panel of the Professional Responsibility Tribunal shall file a report with the Supreme Court, together with the transcript of the hearing. Said report shall contain specific findings upon each of the following:

. . . .

(c) Whether or not the applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma, except that any applicant whose membership in the Association has been suspended or terminated for a period of five (5) years or longer, or who has been disbarred, shall be required to take and successfully pass the regular examination given by the Board of Bar Examiners of the Oklahoma Bar Association. Provided, however, before the applicant shall be required to take and pass the bar examination, he shall have a reasonable opportunity to show by clear and convincing evidence that, notwithstanding his long absence from the practice of law, he has continued to study and thus has kept himself informed as to current developments in the law sufficient to maintain his competency. If the Trial Panel finds that such evidence is insufficient to establish the applicant's competency and learning in the law, it must require the applicant to take and pass the regular bar examination before a finding as to his qualifications shall be made in his favor.

We have held this provision creates a rebuttable presumption that one who has been suspended for five years will not possess sufficient competency in the law to be reinstated, absent an extraordinary showing to that effect. In the Matter of the Reinstatement of Farrant, 2004 OK 77, ¶7, 104 P.3d 567. Each application for reinstatement to the OBA must be considered on its own merits and will fail or succeed on the evidence presented and the circumstances of the attorney's case. In the Matter of the Reinstatement of Kerr, 2015 OK 9, ¶19, 345 P.3d 1118.

ANALYSIS

I. Moral Fitness

¶6 The record reflects the Petitioner has never been disciplined by the OBA or the California Bar; the only two states in which she was licensed to practice law. Petitioner was in the process of resigning from the OBA at the time she received the 1983 order of suspension for failure to pay dues. She finalized her resignation immediately after receiving that order. Her reason for resigning was she no longer practiced law in Oklahoma due to her living and practicing law in California. Ten letters were admitted as evidence which strongly supported a finding Petitioner possessed good moral character. These letters were written by past and current employers, religious leaders, lawyers and a retired Oklahoma Court of Criminal Appeals Judge. Testimony at the hearing also supported Petitioner's good moral character. No contrary evidence was presented. The PRT found Petitioner had shown by clear and convincing evidence she possessed the good moral character to be readmitted to the OBA. After an examination of the record, we agree with this finding.

II. Professional Competence Sufficient for Reinstatement.

¶7 After moving to California in 1981, Petitioner worked as an associate in several law firms over a eighteen-year period. Her areas of practice in those firms were primarily in real estate, business transactions, tax planning, and estate planning. A majority of her career was with the Law Offices of Bernard J. Schoenberg in San Francisco, California, where she worked through 1999. After 2000 she did not practice law. In 2002 she voluntarily transferred her California Bar license to the inactive status as of January 1, 2001. Her career then continued in politics and business. From 1997 through 2001 and from 2003 through 2007, she served on the Town Council of Corte Madera, California, as an elected councilmember. She also served two one-year terms as its mayor.

¶8 In 2001, Petitioner was hired in a non-legal position with an urban land use planning firm: The Marchese Company in San Francisco, California. She worked for this company until the end of 2013; right before her return to Oklahoma (April 2014). During Petitioner's twelve years of employment with The Marchese Company, her duties included work on a large hospital project in San Francisco which included the drafting of an institutional master plan the hospital was required to file with the city and county, as well as many aspects of environmental compliance and public outreach. She also drafted and managed contracts with consultants under the supervision of attorneys. Ralph Marchese, the company's president, wrote that he relied on Petitioner's professional capabilities in his company's work on one of California's largest hospital systems.[3] He stated Petitioner was tasked to either assist him or directly manage legal teams as well as other professionals in the production of major reports, applications for governmental entitlements, policy recommendations to his clients' senior management, financial analyses and related information vital to large scale projects. Petitioner also testified that while working for The Marchese Company she continued to take California Bar sponsored continuing legal education courses in the areas of land use and environmental law.

¶9 Two letters written by the Town Manager and Assistant Town Manager of Corte Madera, California, were admitted into evidence supporting Petitioner's competency based upon her work as a Town Council Member and Mayor of the town.[4] The letters reflect the many legal issues during Petitioner's tenure and how she had worked closely with the Town Attorney. She helped solve complex issues related to finance, flood control and fire protection. She was also commended for championing policies to protect the rights of minority persons and women, the promotion of housing opportunities for lower income people, and inclusiveness and equal opportunity in the face of strident opposition.

¶10 Petitioner also engaged in significant community work in California. Petitioner was an Elder on Session and Chair of the Facilities Use Committee of her local church. Part of her duties included helping the church with complicated negotiations and leases for the church's renters. The pastor of her church wrote the church would not be the community resource for small private schools that it is today without Petitioner's help.[5] He also expressed her competency in handling complicated tax forms for the church and praised her stalwart defense of providing meeting space to the children of AA groups.

¶11 In April 2014, Petitioner returned to Norman, Oklahoma, where she continues to reside. In August 2014, Petitioner took a part-time job with the law firm Petersen, Henson, Meadows, Pecore & Peot, P.C., Norman, Oklahoma, and currently works there. Her work consists mainly of clerical and administrative tasks. Petitioner's supervisor wrote a letter supporting her reinstatement and stated her knowledge of the law allows her to understand the firm's work processes and quickly understand tasks assigned to her.[6] She also notes Petitioner watches online continuing legal education courses during lunch hours.

¶12 In late 2014, Petitioner reconnected with Bob Bright who was a partner in the law firm which had employed her in 1979. Bright hired Petitioner for part-time contract work to help him with legal research concerning a complicated personal trust matter. Susan P. Moran, attorney and long-time friend of the Petitioner, was consulted on this matter as well. Moran, who also received an LL.M in taxation from the New York University School of Law, works in the same office building as Bright and one of her areas of expertise is estate planning. Both Bright and Moran wrote letters supporting Petitioner's reinstatement emphasizing her competency in the law. Moran wrote that Petitioner is currently assisting her in her law practice with several estate planning projects. Moran notes that Petitioner correctly analyzes all of the family and property situations of the clients and the two work together, under Moran's supervision, to determine how to best meet the clients' goals. Moran testified that she and Petitioner plan to practice law together once she is reinstated.

¶13 In addition to her work with attorneys and law firms, Petitioner has been involved in the Norman community. Upon her return to Norman, Petitioner met at her church and befriended Charles Johnson, retired Judge of the Oklahoma Court of Criminal Appeals and his wife Jan Johnson, also an attorney. Both wrote letters supporting Petitioner's reinstatement. Jan Johnson testified that Petitioner serves with her on the Personnel Committee of their church. This committee deals with hiring, firing and filling of vacant positions at the church. Petitioner was also recently elected as an Elder which is a church governing position. Her responsibilities have included handling very divisive issues, such as, the sanctifying of same sex marriages and pastor evaluations. Jan Johnson also testified she had recently given Petitioner a library of legal resources including treatises, law manuals and practice forms to help her in her future practice.

¶14 The record reflects that since 2015 Petitioner has taken twenty-four hours of continuing legal education which includes two hours of ethics. Petitioner also testified that she has kept abreast of the law by reading Bar Journals and Supreme Court opinions.

¶15 In a recent opinion, this Court held an attorney did not meet his burden of proving he had the required competency in the law for reinstatement without taking the Oklahoma Bar Examination. In the Matter of the Reinstatement of Bodnar, 2016 OK 12, __P.3d___, 2016 WL 513756. Bodnar resigned from the OBA in 1999 and thereafter practiced law in Texas. Bodnar, 2016 OK 12 at ¶3. In 2003, he resigned from the Texas Bar in lieu of discipline. Id. at ¶11. Thereafter, he worked as a title examiner until 2007, then retired and moved to Oklahoma obtaining an Oklahoma certification to teach social studies. Id. at ¶6. He applied for reinstatement to the OBA on November 21, 2014. We noted Bodnar had not been licensed to practice law for the last thirteen years and during this time his attempts to maintain competency and learning in the law included the teaching of U.S. History and Government in the summer of 2008 at Jenks High School, subscribing and reading the Oklahoma Bar Journal for three months prior to his reinstatement hearing and the taking of one continuing legal education course. Id. at ¶8. We found his attempts to keep abreast of the law were feeble when compared to practicing attorneys who are required to take twelve hours of continuing legal education including one hour of ethics, every year. Bodnar, 2016 OK 12 at ¶19.

¶16 In Bodnar, this Court relied on several earlier opinions: In re Reinstatement of Turner, 1999 OK 72, 990 P.2d 861, In re Reinstatement of Hardin, 1996 OK 115, 927 P.2d 545, and In re Reinstatement of Farrant, 2004 OK 77, 104 P.3d 567. Bodnar, 2016 OK 12 at ¶¶20-23. In In re Reinstatement of Turner, Turner had a long history of being suspended from membership in the OBA for failure to pay dues and/or completing continuing legal education courses. 1999 OK 72, ¶2, 990 P.2d 861. He was eventually removed from the roll of attorneys on July 19, 1994. Turner, 1999 OK 72 at ¶2. In January 1998, he applied for reinstatement. Id. The record reflected Turner had received twenty-four credit hours of mandatory continuing legal education courses; the last of which was a little over two years prior to applying for reinstatement. Id. at ¶10. The record also reflected he had been reading the Oklahoma Bar Journal and other legal publications since his suspension. Id. We held Turner had failed to prove by clear and convincing evidence that he now possesses the requisite legal skills for reinstatement. Id. at ¶20. Also, for purposes of determining his competency and learning in the law, we would not consider his experience obtained after suspension based upon his blatant unauthorized practice of law. Id. 

¶17 In In re Reinstatement of Hardin, Hardin resigned from the OBA in May 1990 pending disciplinary proceedings. 1996 OK 115, ¶1, 967 P.2d 545. He applied for reinstatement in September 1995. The Professional Responsibility Tribunal recommended against reinstatement based upon two factors: his failure to file tax returns for several years and his "present competence in legal skills." Hardin 1996 OK 115 at ¶¶6 - 7. The only evidence to support his present competency in the law was that in the year prior to applying for reinstatement he had taken eighteen hours of mandatory continuing legal education courses and read the Oklahoma Bar Journal. Id. at ¶6. Hardin was denied reinstatement. Id. at ¶15.

¶18 In In re Reinstatement of Farrant, Farrant was suspended from practicing law for one year in 1994. 2004 OK 77, ¶ 1, 104 P.3d 567. He filed for reinstatement ten years later in 2004. Farrant, 2004 OK 77, ¶4. Following his suspension, he worked at a variety of different jobs including substitute teaching, limousine driving, selling insurance, selling mobile homes and managing a mobile home dealership. Id. at ¶3. In 2001, Farrant began thinking about the possibility of reinstatement. Id. He completed twelve hours of mandatory continuing legal education courses in 2003, and a few other continuing legal education courses in 2004, had worked on abstracts and was involved in mediation. Id. at ¶11. We held Farrant had failed to prove by clear and convincing evidence that he possessed the competency and learning in the law required for reinstatement. Id. at ¶18.

¶19 After analyzing these three cases in Bodnar, we concluded:

If twelve to twenty-four hours of continuing legal education courses in Turner, Hardin, and Farrant, were insufficient to show competency and learning in the law by clear-and-convincing evidence, and, if practicing attorneys must complete twelve hours a year, taking one class and reading the Oklahoma Bar Journal for three months is certainly insufficient to meet the burden for showing the competency and learning in the law necessary for reinstatement without taking the Oklahoma Bar Examination.

In the Matter of the Reinstatement of Bodnar, 2016 OK 12, ¶23, __P.3d___, 2016 WL 513756.

We find the present case is distinguishable from these cases. Petitioner practiced law in California for almost eighteen years after resigning from the OBA. She took twenty-four hours of continuing legal education courses in Oklahoma in 2015 and has been reading the Oklahoma Bar Journal. In addition she took continuing legal education courses in California after she placed her bar license on inactive status. These courses were in land use and environmental law; topics relevant to the work she was performing for The Marchese Company. The record reflects during her twelve years with The Marchese Company she drafted and managed contracts, assisted with managing the company's legal teams, and performed work concerning environmental compliance of her tasked projects. Soon after she returned to Oklahoma she performed supervised legal research work for Bright and continues to perform supervised legal work for Moran as well as working for a law firm in an administrative capacity. Her advanced education in taxation is relevant to the work she performed for Bright and Moran and both testified positively about her present competency in this area.

¶20 In In the Matter of the Reinstatement of Jones, we gave great weight to the supervised legal work Jones performed since her resignation from the OBA. 2006 OK 33, 142 P.3d 380. Jones resigned her membership in the OBA pending disciplinary proceedings in 1997 and petitioned for reinstatement in 2004. Jones, 2006 OK 33 at ¶¶1 and 6. The record demonstrated Jones earned a living after reinstatement by performing various non-legal jobs. Id. at ¶11. In the year prior to petitioning for reinstatement we noted Jones had received "hands-on" supervised legal experience while volunteering as a law clerk. Id. at ¶¶11 - 12. In addition, we determined Jones had completed several hours of continuing legal education courses and regularly read the Oklahoma Bar Journal. Id. at ¶12. We held Jones had shown that her competence and learning in the law qualified her for readmission without retaking the Oklahoma Bar Examination. Id.

¶21 In another opinion, Matter of Reinstatement of Essman, we attributed great weight to the work experience of a suspended attorney. 1987 OK 102, 749 P.2d 103. Essman had been suspended from the practice of law in Oklahoma for failure to pay dues and petitioned for reinstatement over five years later. Essman, 1987 OK 102 at ¶1. In determining his competency to practice law, this Court reviewed his work history. Since his suspension Essman had been continuously employed as a landman. Id. at ¶4. We determined his employment required a thorough knowledge of matters affecting title to real property and part of his duties included preparation of legal instruments in the negotiations and purchasing of oil and gas leases. Id. We found this evidence was sufficient to establish a continuing competency in a significant area of the practice of law. Id. at ¶5. We also found that the continuing legal education courses he had completed added support to this finding. Id. Essman was granted reinstatement without the need for retaking the Oklahoma Bar Examination. Id. at ¶6.

¶22 Since resigning from membership in the OBA, Petitioner's work experience consisted of the licensed practice of law in California, supervised legal work and employment in areas that required an understanding of the law. In addition, her advanced education and understanding of the law was pertinent to her extensive political and community service. This combined experience along with the completion of continuing legal education courses and the reading of the Oklahoma Bar Journal supports Petitioner's assertion she has maintained her competency and learning in the law. The PRT found Petitioner has kept abreast of current legal developments and possessed the competency and learning in the law required for reinstatement. The PRT did not find Petitioner should be required to re-take the Oklahoma Bar Examination. We agree with the PRT and find the Petitioner has proven by clear and convincing evidence she possesses the level of competency and learning in the law to be reinstated to membership in the OBA without re-examination.

III. Unauthorized Practice of Law and Rule 11.1, RGDP

¶23 The OBA investigator testified she had found no evidence in her investigation to show Petitioner had engaged in the unauthorized practice of law. The investigator checked various databases, reviewed tax information and solicited information. Petitioner worked for The Marchese Company after she placed her California Bar license on inactive status. The investigator said she received a letter from Mr. Marchese who claimed he had once asked Petitioner for legal advice but she refused due to her license being in the inactive status. No other evidence obtained from the investigation indicated Petitioner had engaged in the unauthorized practice of law. Testimony from Bright and Moran also indicated Petitioner's work for them had been under their supervision and that she was not engaging in the unauthorized practice of law.

¶24 Rule 11.1, RGDP provides a mechanism for determining whether a petitioner has engaged in the unauthorized practice of law. In paragraph (a) of the rule it requires the petitioner to submit an affidavit, attached to the petition for reinstatement, from each court clerk of the several counties in which he or she resided after suspension or termination of the right to practice law, establishing the petitioner has not practiced law in their respective courts during that period. Petitioner has provided applicable affidavits from the court clerks where she resided in both Oklahoma and California. We find the Petitioner has proven by clear and convincing evidence that she has not engaged in the unauthorized practice of law as required by Rule 11.1, RGDP.

APPLICATION TO ASSESS COSTS

¶25 The Oklahoma Bar Association filed an Application to Assess Costs, pursuant to Rule 11.1 (c), RGDP. The application requests the Petitioner pay two hundred fifty-three dollars and five cents ($253.05) for the costs related to the expenses of this investigation and processing the application. The record reflects Petitioner has already paid past bar dues owed for 1983 and late charges as well as the cost of the transcript of the PRT hearing. The record also reflects that no Client's Security Fund funds were expended on Petitioner's behalf.

CONCLUSION

¶26 We hold the Petitioner has met her burden of proof and established by clear and convincing evidence her eligibility for reinstatement without examination. Within thirty days of the date of this opinion Petitioner shall pay the costs incurred in this proceeding in the amount of two hundred fifty-three dollars and five cents ($253.05) as required by Rule 11.1 (c), RGDP. She shall also be required to pay the current year's (2016) OBA membership dues prior to reinstatement and following reinstatement shall complete mandatory continuing legal education sometime this year in the same manner as other members of the bar.

PETITION FOR REINSTATEMENT IS GRANTED; 
PETITIONER IS ORDERED TO PAY COSTS

¶27 REIF, C.J., COMBS, V.C.J., and KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, and COLBERT, JJ. - concur. 

¶28 GURICH, J. - not participating. 

FOOTNOTES

[1] Ex. 16 of the January 12, 2016, Hearing Exhibits; Supreme Court Order S.C.B.D. 3132 (1983).

[2] Ex. 17 of the January 12, 2016, Hearing Exhibits.

[3] Ex. 8 of the January 12, 2016, Hearing Exhibits.

[4] Exs. 2 and 5 of the January 12, 2016, Hearing Exhibits.

[5] Ex. 6 of the January 12, 2016, Hearing Exhibits.

[6] Ex. 9 of the January 12, 2016, Hearing Exhibits.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 102, 749 P.2d 103, Reinstatement of Essman, Matter of
Discussed at Length
 1988 OK 32, 752 P.2d 1125, Reinstatement of Kamins, Matter of
Discussed
 1989 OK 83, 775 P.2d 815, Reinstatement of Floyd, Matter of
Discussed
 2004 OK 77, 104 P.3d 567, IN THE MATTER OF THE REINSTATEMENT OF FARRANT
Discussed at Length
 2006 OK 33, 142 P.3d 380, IN THE MATTER OF THE REINSTATEMENT OF JONES
Discussed at Length
 2008 OK 24, 184 P.3d 528, IN THE MATTER OF THE REINSTATEMENT OF PATE
Discussed
 2008 OK 38, 183 P.3d 1014, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HULETT
Discussed
 1996 OK 115, 927 P.2d 545, 67 OBJ 3047, In the Matter of the Reinstatement of Hardin
Discussed at Length
 2014 OK 73, 330 P.3d 1221, IN THE MATTER OF THE REINSTATEMENT OF CHRISTOPHER
Discussed
 2015 OK 9, 345 P.3d 1118, IN THE MATTER OF THE REINSTATEMENT OF KERR
Discussed at Length
 2016 OK 12, 367 P.3d 916, IN THE MATTER OF THE REINSTATEMENT OF BODNAR
Discussed at Length
 1999 OK 72, 990 P.2d 861, 70 OBJ 2603, In the Matter of the Reinstatement of Turner
Discussed at Length