OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF HOLLAWAY

 

 
 

 
 IN THE MATTER OF THE REINSTATEMENT OF HOLLAWAY
2020 OK 8
Case Number: SCBD-6811
Decided: 01/28/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 8, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

IN THE MATTER OF THE REINSTATEMENT OF: BLAIR STEVEN HOLLAWAY TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLLOF ATTORNEYS

ORIGINAL PROCEEDING FOR RULE 11 BAR REINSTATEMENT

Â¶0 Petitioner, Blair Steven Hollaway, filed a petition for reinstatement to membership in the Oklahoma Bar Association. By unanimous vote, the Trial Panel recommended that Petitioner should be reinstated. The Oklahoma Bar Association recommends that the findings of the Trial Panel be adopted. Upon de novo review, we determine that reinstatement should be granted and impose costs of $95.11 within thirty (30) days from the date this opinion becomes final.

PETITION FOR REINSTATEMENT GRANTED;
PETITIONER ORDERED TO PAY COSTS OF $95.11.

Blair Steven Hollaway, Moore, Oklahoma, Petitioner/Pro Se,

Katherine M. Ogden, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

OPINION

EDMONDSON, J.:

Â¶1 Petitioner, Blair Steven Hollaway, filed his Petition for Reinstatement on June 14, 2019 requesting he be readmitted as a member of the Oklahoma Bar Association (OBA) pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A (RGDP). Petitioner graduated from the Oklahoma City University School of Law in 2010. He was admitted to the OBA and his name was entered on the roll of attorneys on July 13, 2010. Petitioner resided in Oklahoma until June 2011 but he did not practice law.

Â¶2 In June, 2011, Petitioner moved to Atlanta, Georgia where he accepted a job as general counsel with a company located in that city. Petitioner's position did not require him to appear in court or to be a member of the Georgia Bar Association. He worked with this company until 2013. Next, he accepted a position with a different company in Georgia as an account executive where he worked from 2013 until January, 2019. Petitioner returned to Oklahoma in February, 2019.

Â¶3 In 2014, Petitioner's license was suspended for failure to pay his OBA membership dues. In 2015, Petitioner was stricken from the roll of attorneys of the OBA for non-payment of membership dues.

Â¶4 On September 4 and October 4, 2019, a hearing on the Petition for Reinstatement was held before the Trial Panel of the Professional Responsibility Tribunal (PRT). The OBA did not contest the Petition for Reinstatement but noted that because Petitioner was suspended for five years the PRT was required to make a finding as to whether Petitioner would have to take the bar exam, whether Petitioner engaged in the unauthorized practice of law, and whether Petitioner met the standards for good moral character.

Â¶5 Petitioner testified at the hearing, and he also presented five different witnesses to testify as to his competency as an attorney, his moral character, and to determine if he had engaged in the unauthorized practice of law. The OBA presented only one witness, the OBA investigator.

Â¶6 The PRT found by clear and convincing evidence that the Petitioner possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma. Further, that Petitioner has shown that notwithstanding his long absence from the practice of law, he has continued to study the law and he has completed significant hours of continuing legal education. Specifically, the PRT determined that Petitioner was informed as to current developments in the law sufficient to maintain his competency. In addition, the PRT found that Petitioner demonstrated by clear and convincing evidence that he possessed stronger proof of qualifications than an applicant seeking admission to the bar for the first time.

Â¶7 Petitioner testified under oath that he was not engaged in the practice of law at the time of his suspension and therefore, he had no clients to notify. The PRT found this testimony was sufficient proof for Petitioner to overcome the failure to file an Affidavit pursuant to Rule 9.1 of the Rules Governing Disciplinary Proceedings ("RGDP"). In addition, the PRT found that Petitioner demonstrated by clear and convincing evidence that he possesses good moral character sufficient to entitle him to be admitted to the OBA. Finally, the PRT found that Petitioner has shown by clear and convincing evidence that he has not engaged in the unauthorized practice of law nor has he appeared in court as attorney for any party nor has he participated as counsel of record in any litigation since he was suspended in 2014 and then stricken from the roll of attorneys in 2015. By a unanimous vote, the PRT recommended that Petitioner be reinstated to the Oklahoma Bar Association.

Â¶8 The PRT's report was filed with this Court on November 20, 2019 and this Court issued a briefing schedule on November 21, 2019. Petitioner filed a Waiver of Right to File Brief in Support on December 10, 2019. The OBA filed a Waiver of Answer Brief on December 17, 2019 stating the OBA agrees with the findings submitted by the PRT and recommended the adoption of all findings by the PRT.

Â¶9 This Court has the non-delegable, constitutional responsibility to regulate both the practice and the ethics, licensure, and discipline of Oklahoma attorneys. In re Reinstatement of Rickey, 2019 OK 36, Â¶ 4, 442 P.3d 571, 574. Our review of the record is made de novo. State ex rel. Oklahoma Bar Ass'n v. Hulett, 2008 OK 38, Â¶ 4, 183 P.3d 1014, 1016. In a reinstatement proceeding involving no prior imposition of discipline for attorney misconduct, the focus of our inquiry concerns 1) the present moral fitness of the applicant; 2) conduct subsequent to suspension as it relates to moral fitness and professional competence; 3) whether the attorney has engaged in the unauthorized practice of law; and 4) whether the attorney has complied with the rule-mandated requirements for reinstatement. Rickey, 2019 OK 36, Â¶ 4, 442 P.3d at 574.

Â¶10 The PRT's recommendations, although entitled to great weight, are only advisory as the ultimate decision rests with this Court. In re Reinstatement of Pate, 2008 OK 24, Â¶ 3, 184 P.3d 528, 530. Rule 11.4, RGDP, provides an applicant seeking reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. In addition, Rule 11.5, RGDP provides the following element:

(c) Whether or not the applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma, except that any applicant whose membership in the Association has been suspended or terminated for a period of five (5) years or longer, or who has been disbarred, shall be required to take and successfully pass the regular examination given by the Board of Bar Examiners of the Oklahoma Bar Association. Provided, however, the before the applicant shall be required to take and pass the bar examination, he shall have a reasonable opportunity to show by clear and convincing evidence that, notwithstanding his long absence from the practice of law, he has continued to study and thus has kept himself informed as to current developments in the law sufficient to maintain his competency. If the Trial Panel finds that such evidence is insufficent to establish the applicant's competency and learning in the law, it must require the applicant to take and pass the regular bar examination before a finding as to his qualifications shall be made in his favor.

We have held this provision creates a rebuttable presumption that one who has been suspended for five years will not possess sufficient competency in the law to be reinstated, absent an extraordinary showing to that effect. In re Reinstatement of Farrant, 2004 OK 77, Â¶ 7, 104 P.3d 567, 569. Each application for reinstatement must be considered on its own merits and the evidence presented in each case. In re Reinstatement of Kerr, 2015 OK 9, Â¶ 19, 345 P.3d 1118, 1125.

ANALYSIS

I. Moral Fitness

Â¶11 Petitioner has never been disciplined by the OBA; the only issue that arose was his suspension for failure to pay dues. Petitioner was living out of state, not practicing law, and was facing financial difficulties when he was unable to pay his OBA dues. Five different witnesses testified at the hearing that overwhelmingly supported a finding that Petitioner is possessed of good moral character. The PRT found Petitioner had shown by clear and convincing evidence that he possessed good moral character sufficient to be readmitted to the OBA. Likewise, the OBA agreed with these findings. After an examination of the record, we agree with this finding.

II. Professional Competence Sufficient for Reinstatement

Â¶12 Rule 11.5, RGDP, requires petitioners for reinstatement to show they possess the competency and learning in the law required for admission. If they have been suspended or terminated for more than five years, there is a rebuttable presumption they will be required to retake the regular bar examination. However, this presumption can be overcome when a petitioner establishes competence and learning in the law. In re Reinstatement of Gill, 2016 OK 61, 376 P.3d 200.[1]

Â¶13 Petitioner presented evidence that during the time he was suspended his work experience required understanding of the law. He participated in a hearing in Georgia within the parameters allowed under Georgia law and presented evidence of his competency in serving in this role. Other witnesses testified about different independent research conducted by Petitioner reflecting diligence and competency in several different areas of the law. Evidence was presented reflecting that Petitioner was in compliance with his MCLE requirements at the time of his suspension. Further evidence was provided that he completed 30 hours of MCLE in 2019, including 2 hours of ethics. The PRT made a finding by clear and convincing evidence that Petitioner possessed the competency and learning in the law required for admission to practice law in the State of Oklahoma and further that even with his absence from the practice of law, he has continued to study and he has completed significant hours of continuing legal education and kept himself informed as to current developments. The PRT did not find that Petitioner was required to take the Oklahoma Bar Examination. We agree with the PRT and find the Petitioner has proven by clear and convincing evidence he possesses the level of competency and learning in the law to be reinstated to membership in the OBA without re-examination.

III. Unauthorized practice of Law and Rule 11.1, RGDP

Â¶14 The OBA investigator testified she had found no evidence in her investigation that Petitioner had engaged in the unauthorized practice of law during the time of his suspension. The investigator checked various databases, reviewed tax information and conducted an independent investigation. There was no evidence presented to indicate that Petitioner engaged in the unauthorized practice of law. Testimony from witnesses indicated that a hypothetical legal research project done by Petitioner was done under the supervision of an attorney and that Petitioner had not engaged in the unauthorized practice of law.

Â¶15 Rule 11.1, RGDP provides a mechanism for determining whether a petitioner has engaged in the unauthorized practice of law. Pursuant to this rule, the petitioner for reinstatement is required to submit an affidavit from each court clerk of the several counties in which he resided after suspension or termination of the right to practice law, establishing the petitioner has not engaged in the unauthorized practice of law in their respective courts during that period. Petitioner submitted an affidavit from the Oklahoma County Court Clerk attesting that the Petitioner had not appeared before any judge in the county since his suspension. Further, the investigator for the OBA testified that she found no cause for concern during her investigation into whether Petitioner had engaged in the unauthorized practice of law.

Â¶16 The PRT's report found the Petitioner had proven by clear and convincing evidence that he has not engaged in the unauthorized practice of law nor has he appeared in court as an attorney of record for any party in any litigation. We find no evidence to the contrary.

Â¶17 An affidavit from the OBA's MCLE Administrator states that Petitioner did not owe any MCLE credits or MCLE fees. If he is reinstated as a member of the OBA, Petitioner will need to obtain 12 hours of CLE, including 1 hour of ethics for the calendar year in which he is reinstated. An Affidavit from the OBA Director of Administration states that Petitioner will owe only his current membership dues of two hundred seventy-five dollars ($275.00) for the year of his reinstatement. The OBA filed an Application to Assess Costs, pursuant to Rule 11.1 (c), RGDP requesting that Petitioner pay costs in the amount of ninety-five dollars and eleven cents ($95.11) for expenses relating to this investigation. This application included an exhibit that reflects Petitioner was directly invoiced and has paid the costs of the transcript of the PRT proceedings. The record reflects there have been no payments expended from the Client's Security Fund on the Petitioner's behalf.

CONCLUSION

Â¶18 We hold that the Petitioner has demonstrated by clear and convincing evidence his eligibility for reinstatement without examination. Within thirty days of the date of this opinion, Petitioner shall pay the costs incurred in this proceeding in the amount of ninety-five dollars and eleven cents ($95.11) as required by Rule 11.1 (c), RGDP. He will also be required to pay the current year's (2020) OBA membership dues prior to reinstatement and following reinstatement shall complete mandatory continuing legal education sometime this year in the same manner as other members of the bar.

PETITION FOR REINSTATEMENT IS GRANTED;
PETITIONER IS ORDERED TO PAY COSTS

ALL JUSTICES CONCUR.

FOOTNOTES

[1] Petitioner, Gill presented evidence of work experience that required an understanding of the law. In addition, her understanding of the law was pertinent to her extensive community service. Gill also completed continuing legal education courses as well as other evidence reflecting her competency. Also see, In re Reinstatement of Jones, 2006 OK 33, 142 P.3d 380, Petitioner demonstrated competency by working supervised as a volunteer law clerk, taking continuing legal education classes and regularly reading the Oklahoma Bar Journal; In re Reinstatement of Essman, 1987 OK 102, 749 P.2d 103, Petitioner was employed as a landman which required through knowledge of matters affecting title to real property and negotiation of purchasing oil and gas leases as well as taking continuing legal education classes.